**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson**

Civil Action No. 21-cv-00754-RBJ

LAH PO SAY,

     Applicant,

v.

DHS ICE, and
FABBRICATORE,

     Respondents.

---

### ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), filed *pro se*, by Applicant Lah Po Say on March 12, 2021. Respondents filed a Response to the Application on April 20, 2021 (Doc. No. 15), along with a Motion to Dismiss for Lack of Jurisdiction Under Fed. R. Civ. P. 12(b)(1) (Doc. No. 16). Applicant was afforded an opportunity to file a response to the motion to dismiss. (Doc. No. 17). Having considered the parties filings, the Court dismisses the Application for the reasons discussed below.

## I. BACKGROUND

Applicant is a native and citizen of Burma. *See* Declaration of Deportation Officer Michael Ketels, Doc. No. 15-1, at ¶ 4. Applicant entered the United States on June 14, 2011, and became a lawful permanent resident on November 13, 2013. *Id.* at ¶ 5. On May 3, 2019, Applicant was convicted in the Jefferson County, Colorado, District Court

of internet luring of a child, in violation of C.R.S. § 18-3-306, and attempted sex assault on a child, in violation of C.R.S. § 18-3-405(1). *Id.* at ¶¶ 6, 7.

Applicant was detained by I.C.E. [Immigration and Customs Enforcement] on May 29, 2019 and served with a notice to appear charging him as removable from the United States for having aggravated felony convictions. *Id.* at ¶ 8. On August 29, 2019, Applicant appeared in immigration court, and the immigration judge sustained the charges of removability. *Id.* at ¶ 9. A final order of removal was entered on October 25, 2019 and all parties waived appeal. *Id.* at ¶ 10.

On March 12, 2021, Applicant filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting that his ongoing and indefinite detention violated his federal due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] (Doc. No. 1). At the time of filing, Applicant was detained at the I.C.E. Aurora Contract Detention Facility in Aurora, Colorado. (*Id.* at p. 1). For relief, Applicant asked the Court to order Respondents to deport him or release him from detention. (*Id.* at p. 4).

On April 6, 2021, Applicant was released from custody under an order of supervision after I.C.E. determined that there was no significant likelihood of Applicant's removal to Burma in the reasonably foreseeable future. Doc. No. 15-1, Ketels Decl., at ¶ 11.

---

[1] In *Zadvydas*, the Supreme Court considered how long an alien may be detained pending removal under 8 U.S.C. § 1231. Detention lasting six months or less is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. After that six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

## II. LEGAL STANDARDS

### A. Habeas Corpus Actions

The remedy of habeas corpus is available when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

### B. Pro Se Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C. Mootness

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477 (internal quotation marks omitted). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer*, 523 U.S. at 7). If an event occurs during the pendency of an action that "makes it impossible for the court to grant 'any effectual relief whatever,' the case must be dismissed. *Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895). *See also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (concluding that habeas petition was moot where the petitioner no longer suffered an actual injury that could be redressed by a favorable judicial decision).

A habeas application is not moot if one of the following exceptions applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (quotations omitted).

## III. ANALYSIS

Respondents move to dismiss the Application as moot because Applicant has been released from detention under an order of supervision.[2] (*See* Doc. No. 16).

Applicant has obtained the relief requested in the Application–release from detention. The Court can no longer grant any effectual relief in this action. Therefore, the application is moot unless one of the exceptions outlined in *Riley* applies.

Under the first *Riley* factor, the Court has no information to suggest that Applicant continues to suffer secondary or collateral injuries resulting from his detention. Any restrictions imposed by the order of supervision are the result of the final order of removal, not the challenged detention. *See e.g. Camara v. Comfort,* 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002) ("Since the conditions in the order of supervision flow, not from Petitioner's illegal detention, but from the final order of removal, they are not collateral consequences of Petitioner's detention, and therefore cannot sustain the petition's justiciability under Article III."). Under the second *Riley* factor, Applicant has failed to demonstrate that the alleged injury will be repeated and evades review. "[A]ny concern that [Applicant] might be detained again for a prolonged period is based on speculation and therefore fails to satisfy the requirements of Article III." *Singh v. Choate*, No. 19-cv-1876-WJM, 2020 WL 108666, at *3 (D. Colo. Jan. 9, 2020). *See also McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation

---

[2] Because Applicant was released from detention, Respondents served a copy of the Motion to Dismiss on Applicant at his last know residential address in Denver, Colorado. (*See* Doc. No. 16, at p. 6). The Court mailed a copy of the April 21, 2021 minute order affording Applicant the opportunity to file a response to the same residential address. (*See* Doc. Nos. 18, 19). The Court notes that Applicant failed to file a notice of address change as required by the Local Rules.

that a defendant will "break the law or otherwise violate the conditions of their release

. . . would undermine our presumption of innocence . . . and the rehabilitative focus of

the parole system"). Under the third *Riley* factor, there is no indication that Respondents

have released Applicant "with the intention of later revoking that release simply to evade

review." *Singh*, 2020 WL 108666, at *3. *See also Riley*, 310 F.3d at 1257 (expressing

some concern about the potential for the INS to resume the petitioner's detention, but

concluding that the record was insufficient to determine that the narrow exception of

voluntary cessation was applicable). And, finally, the fourth *Riley* factor does not apply

because this is not a class action suit.

Because Applicant has been released from I.C.E. custody and has failed to

demonstrate that his situation continues to present a live case or controversy under one

the exceptions to the mootness doctrine, this action must be dismissed for lack of

subject matter jurisdiction. *See, e.g., Riley*, 310 F.3d at 1256-57 (habeas petitioner's

release from detention under an order of supervision mooted his challenge to the

legality of his extended detention); *Singh v. Choate*, No. 19-cv-1876-WJM, 2020 WL

108666, at **1-3 (D. Colo. Jan. 9, 2020) (denying as moot habeas petition challenging

detention under *Zadvydas* where petitioner was released from I.C.E. custody upon

removal to home country); *Haggi v. Choate*, No. 18-cv-03166-PAB, 2019 WL 1254955

at **2-3 (D. Colo. Mar. 18, 2019) (same).

## IV. ORDERS

For the reasons discussed above, it is

ORDERED that Respondents' Motion to Dismiss for Lack of Jurisdiction Under Fed. R. Civ. P. 12(b)(1) (Doc. No. 16) is GRANTED. It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), filed *pro se* by Lah Po Say on March 12, 2021, is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction as moot. It is

FURTHER ORDERED that no certificate of appealability shall issue because jurists of reason would not debate the correctness of the jurisdictional rulings and Applicant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED May 19, 2021, at Denver, Colorado.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge

7